IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| CHAD TEMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO.: 4:25-cv-00076-WMR |
| | ) | |
| DAVID K. NELSON, JAMES A. | ) | |
| PYLE, and the CITY OF | ) | |
| CALHOUN, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DAVID K. NELSON'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW defendant David K. Nelson[1] and, pursuant to Federal Rule of Civil Procedure Rule 12(a), files his answer and defenses to plaintiff's complaint (Doc. 1), showing the Court as follows:

### FIRST DEFENSE

Some or all of plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant shows that plaintiff was not deprived of any constitutionally protected life, liberty, or property interest without due process of law, nor did

---

[1] Defendants James A. Pyle and City of Calhoun, Georgia are moving to dismiss the claims against them in lieu of filing an answer pursuant to Fed. R. Civ. P. 12(b)(6).

defendant violate the rights of plaintiff under any provisions of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

### THIRD DEFENSE

Defendant did not breach any duty he may have owed to plaintiff based upon the allegations in the complaint.

### FOURTH DEFENSE

Plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff or others and not from any conduct of defendant or those over whom defendant had any control.

### FIFTH DEFENSE

Plaintiff's damages, if any, were caused by the independent acts and decisions of persons and entities other than defendant or those over whom defendant had some legal right of control.

### SIXTH DEFENSE

Plaintiff's damages, if any, were caused by the deliberate, criminal conduct of plaintiff, and such criminal conduct supersedes any and all negligence or liability, if any, on the part of defendant.

## SEVENTH DEFENSE

Plaintiff's damages, if any, were directly and proximately caused by the contributory and comparative negligence of plaintiff and his failure to exercise ordinary care for his own safety.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant asserts the affirmative defenses of assumption of risk, contributory negligence, estoppel, failure to mitigate damages, fraud, illegality, laches, release, res judicata, statute of limitations, and waiver.

## NINTH DEFENSE

The alleged conduct of defendant, sued in his individual capacity, was discretionary in nature, and did not violate any clearly established constitutional right of which every reasonable officer would have had fair notice, and was likewise objectively reasonable, thereby entitling him to qualified immunity.

## TENTH DEFENSE

Defendant shows that all of his alleged actions or inactions with respect to plaintiff were carried out in the performance of his official, discretionary duties and without actual malice or actual intent to cause injury to plaintiff. Accordingly, defendant is entitled to official immunity under Georgia law.

## ELEVENTH DEFENSE

The imposition of punitive damages against defendant would violate his rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## TWELFTH DEFENSE

Plaintiff's claims are frivolous and entitle defendant to an award of attorney's fees pursuant to 42 U.S.C. § 1988.

## THIRTEENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to him during the course of his investigation and discovery.

## FOURTEENTH DEFENSE

Responding to the numbered paragraphs of the complaint, defendant answers as follows:

### ANSWER TO: "NATURE OF THE CASE"

1.

Responding to the allegations in paragraph 1 of plaintiff's complaint defendant admits that in January 2024, he swore out warrants for plaintiff's arrest that were based on probable cause and approved by a neutral magistrate. Defendant denies the remaining allegations in paragraph 1 of plaintiff's complaint.

<u>ANSWER TO: "PARTIES"</u>

2.

Defendant admits the allegations in paragraph 2 of plaintiff's complaint on information and belief.

3.

Defendant admits the allegations in paragraph 3 of plaintiff's complaint.

4.

Defendant admits the allegations in paragraph 4 of plaintiff's complaint.

5.

Defendant admits the allegations in paragraph 5 of plaintiff's complaint.

<u>ANSWER TO: "VENUE"</u>

6.

Defendant admits the allegations in paragraph 6 of plaintiff's complaint.

<u>ANSWER TO: "JURISDICTION"</u>

7.

Defendant admits the allegations in paragraph 7 of plaintiff's complaint.

## ANSWER TO: "FACTS"

### Chad Temple

8.

Defendant can neither admit nor deny the allegations in paragraph 8 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

9.

Defendant can neither admit nor deny the allegations in paragraph 9 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

10.

Responding to the allegations in paragraph 10 of plaintiff's complaint, defendant admits that Melanie Land worked as the financial secretary at Belmont Baptist Church ("the Church"). Defendant can neither admit nor deny the remaining allegations in paragraph 10 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

11.

Defendant can neither admit nor deny the allegations in paragraph 11 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

12.

Defendant can neither admit nor deny the allegations in paragraph 12 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

## Belmont Baptist Church

13.

Defendant admits the allegations in paragraph 13 of plaintiff's complaint.

14.

Defendant admits the allegations in paragraph 14 of plaintiff's complaint.

15.

Defendant denies the allegations in paragraph 15 of plaintiff's complaint.

## Chad's Arrest and Detention

16.

Defendant admits the allegations in paragraph 16 of plaintiff's complaint.

17.

Defendant admits the allegations in paragraph 17 of plaintiff's complaint.

18.

Defendant admits the allegations in paragraph 18 of plaintiff's complaint.

19.

Defendant admits the allegations in paragraph 19 of plaintiff's complaint.

20.

Defendant admits the allegations in paragraph 20 of plaintiff's complaint.

21.

Defendant admits the allegations in paragraph 21 of plaintiff's complaint.

22.

On information and belief, defendant admits the allegations in paragraph 22 of plaintiff's complaint.

23.

On information and belief, defendant admits the allegations in paragraph 23 of plaintiff's complaint.

24.

Defendant can neither admit nor deny the allegations in paragraph 24 of plaintiff's complaint for want of sufficient information to form a belief as to

the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

25.

Defendant can neither admit nor deny the allegations in paragraph 25 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

26.

Defendant can neither admit nor deny the allegations in paragraph 26 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

27.

Defendant can neither admit nor deny the allegations in paragraph 27 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

28.

Defendant can neither admit nor deny the allegations in paragraph 28 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

29.

Defendant denies the allegations in paragraph 29 of plaintiff's complaint.

30.

Defendant can neither admit nor deny the allegations in paragraph 30 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

31.

Defendant can neither admit nor deny the allegations in paragraph 31 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same.

<u>ANSWER TO: "Count 1</u>

<u>42 U.S.C. § 1983: Malicious Prosecution</u>

<u>In violation of the Fourth Amendment</u>

(Defendant Lt. Nelson)"

32.

Defendant incorporates herein by reference his responses to paragraphs 1 through 31 of plaintiff's complaint.

33.

Defendant denies the allegations in paragraph 33 of plaintiff's complaint.

34.

Defendant denies the allegations in paragraph 34 of plaintiff's complaint.

35.

Defendant denies the allegations in paragraph 35 of plaintiff's complaint.

ANSWER TO: "Count 2

42 U.S.C. § 1983: Stigma-Plus Due Process Injury

in violation of the Fourteenth Amendment

(Defendants City and Chief Pyle)"

37.

Defendant incorporates herein by reference his responses to paragraphs 1 through 36 of plaintiff's complaint.

38.

Defendant can neither admit nor deny the allegations in paragraph 38 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

39.

Defendant can neither admit nor deny the allegations in paragraph 39 of plaintiff's complaint for want of sufficient information to form a belief as to

the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

40.

Defendant can neither admit nor deny the allegations in paragraph 40 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

41.

Defendant can neither admit nor deny the allegations in paragraph 41 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

42.

Defendant denies the allegations in paragraph 42 of plaintiff's complaint.

43.

Defendant can neither admit nor deny the allegations in paragraph 43 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

44.

Defendant can neither admit nor deny the allegations in paragraph 44 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

45.

Defendant can neither admit nor deny the allegations in paragraph 45 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

46.

Defendant can neither admit nor deny the allegations in paragraph 46 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

47.

Defendant can neither admit nor deny the allegations in paragraph 47 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

48.

Defendant denies the allegations in paragraph 48 of plaintiff's complaint.

49.

Defendant can neither admit nor deny the allegations in paragraph 49 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

<u>ANSWER TO: "Count 3</u>

<u>O.C.G.A. § 51-5-4: Slander Per Se</u>

(Defendant Chief Pyle)

50.

Defendant incorporates herein by reference his responses to paragraphs 1 through 49 of plaintiff's complaint.

51.

Defendant can neither admit nor deny the allegations in paragraph 51 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

52.

Defendant can neither admit nor deny the allegations in paragraph 52 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

53.

Defendant can neither admit nor deny the allegations in paragraph 53 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

54.

Defendant denies the allegations in paragraph 54 of plaintiff's complaint.

ANSWER TO: "Count 4

Municipal Liability—Law Enforcement Activity

(Defendant City)"

55.

Defendant incorporates herein by reference his responses to paragraphs 1 through 54 of plaintiff's complaint.

56.

Defendant can neither admit nor deny the allegations in paragraph 56 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

57.

Defendant can neither admit nor deny the allegations in paragraph 53 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

58.

Defendant can neither admit nor deny the allegations in paragraph 58 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and puts plaintiff on strict proof of the same. Further responding, this allegation is not directed at this defendant.

59.

Defendant denies the allegations in paragraph 59 of plaintiff's complaint.

60.

Defendant denies the allegations in paragraph 60 of plaintiff's complaint.

61.

Defendant denies the allegations in paragraph 61 of plaintiff's complaint.

ANSWER TO: "Count 5

O.C.G.A.§ 13-6-11: Attorney's Fees

(Defendants City and Chief Pyle)

62.

Defendant incorporates herein by reference his responses to paragraphs 1 through 61 of plaintiff's complaint.

63.

Defendant denies the allegations in paragraph 63 of plaintiff's complaint.

64.

Defendant denies the allegations in paragraph 64 of plaintiff's complaint.

65.

Responding to the allegations in the unnumbered paragraph following paragraph 64 of plaintiff's complaint and constituting plaintiff's prayer for relief, defendant denies all such allegations, including subparagraphs (a) through (e) thereof, and specifically denies that plaintiff is entitled to any

of the relief requested from him in any form, type, or amount, under any theory at law or in equity.

66.

Except as expressly admitted, denied, or otherwise responded to, defendant denies all allegations contained in plaintiff's complaint.

WHEREFORE, having fully listed his defenses and having fully answered the complaint, defendant prays as follows:

(a)    That judgment be entered in favor of defendant and against plaintiff on the complaint;

(b)    That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

**DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 5th day of June, 2025.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wesley C. Jackson*
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com
Kathleen A. Taylor
Georgia Bar No. 973286
Katie.Taylor@fmglaw.com

-18-

*Attorneys for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT DAVID K. NELSON'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the Court's e-filing system which will automatically send electronic mail notification of such filing to the following:

Cary S. Wiggins
WIGGINS LAW GROUP, LLC
260 Peachtree Street NW, Suite 804
Atlanta, GA 30303
cary@wigginslawgroup.com

This 5th day of June, 2025.

**FREEMAN MATHIS & GARY, LLP**

*/s/* Wesley C. Jackson
Wesley C. Jackson
Georgia Bar No. 336891

100 Galleria Parkway, Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 – phone
wjackson@fmglaw.com