IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CHAD TEMPLE,<br><br>                Plaintiff,<br>v.<br><br>DAVID K. NELSON,<br><br>                Defendant. | CIVIL ACTION FILE<br>NO. 4:25-cv-00076-WMR |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.     Description of Case:**

(a)  Describe briefly the nature of this action.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 in which Plaintiff seeks to recover damages resulting from his arrest, detention, and prosecution for financial crimes. Plaintiff brings claims for malicious prosecution under 42 U.S.C. § 1983.

 (b)  Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence:

On January 30, 2024, Lt. Nelson sought warrants for Plaintiff's and his wife's arrest based on an investigation into misuse of the Church's credit card for personal use. (*Id.* ¶ 16.) Gordon County Superior Court Judges Rosbury and Langston issued 398 warrants for violations of O.C.G.A. § 16-9-33(a) (Financial Transaction Card

Fraud) and for violations of O.C.G.A. § 16-9-35(a) (Felony Criminal Receipt of Goods). (*Id.* ¶¶ 16-18, 22.) The warrants stated the crimes occurred from August 2019 through July 2022. (*Id.* ¶ 21.)

Plaintiff and his wife were arrested on January 31, 2024 and booked into Gordon County Jail. (*Id.* ¶ 23.) On March 27, 2024, two charges were dismissed by Judge Rosbury during a preliminary hearing. (*Id.* ¶ 27.) Plaintiff was released from jail on March 28, 2024, after 57 days in custody. (*Id.* ¶ 28.)

    (c)  The legal issues to be tried are as follows:

- Whether Defendant's actions amount to malicious prosecution of Plaintiff in violation of Plaintiff's Fourth Amendment right.
- Whether Plaintiff's malicious prosecution claim against Defendant is barred by qualified immunity.
- The nature and extent of Plaintiff's claimed damages.

    (d)  The cases listed below (include both style and action number) are:

      (1)  Pending Related Cases:

*State of Georgia v. Melanie Land*, Superior Court of Gordon County

      (2)  Previously Adjudicated Related Cases:  None.

**2.**  This case is complex because it possesses one (1) or more of the features listed below (please check):  N/A

    \_\_  (1)  Unusually large number of parties

    __   (2) Unusually large number of claims or defenses

    __   (3) Factual issues are exceptionally complex

    X   (4) Greater than normal volume of evidence

    __   (5) Extended discovery period is needed

    __   (6) Problems locating or preserving evidence

    X   (7) Pending parallel investigations or actions by government

    __   (8) Multiple use of experts

    __   (9) Need for discovery outside United States boundaries

    __   (10) Existence of highly technical issues and proof

    __   (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:  Cary S. Wiggins

Defendant:  Welsey C. Jackson; Juliana Y. Sleeper

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

    __ Yes   _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. Where there are multiple claims, identify and discuss

3

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

To be determined pending discovery.

(b) The following persons are improperly joined as parties: None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings:** Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.      Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel:* Before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b) *Summary Judgment Motions:* Within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c) *Other Limited Motions:*  Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

Defendant served Plaintiff with his initial disclosure on November 6, 2025.

NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

No scheduling conference is requested at this time.

**10.    Discovery Period:**

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

This case was assigned to the four (4)-months discovery track. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Please state below the subjects on which discovery may be needed:

- Plaintiff's claims and Defendants' defenses, including the legal issues identified in Paragraph 1(c).
- Admissibility and credibility of evidence.
- Plaintiff's contention of damages.
- Other subjects identified during and through the discovery process.

If the parties anticipate that additional time beyond that allowed by the assigned track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties agree that four (4)-months discovery period should commence on November 6, 2025 and end on March 6, 2026. The parties, however, believe that certain issues may require additional discovery and may necessitate the parties seeking an extension of the discovery period.

**11. Discovery Limitation and Discovery of Electronically Stored Information**:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?  N/A

(b) Is any party seeking discovery of electronically stored information?

\_\_\_\_X\_\_\_\_ Yes                                    _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties believe that discoverable materials have been electronically created, maintained or stored. The parties agree that, should electronically stored

information be revealed during the course of discovery, they will discuss and pursue agreements on the sources and scope of such items and the format for production of such items.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper of disk), and the inclusion or exclusion and use of meta data, and have agreed as follows:

The parties agree to serve any electronically stored information that is the subject of discovery requests in either paper format, .pdf format, on disk, or by electronic share file. Emails may be produced in .pst format. However, either party may subsequently request that specific items of ESI be produced in native format (including but not limited to audio, video, CAD logs, emails, photographs, or digital files) with associated metadata where such production is reasonably necessary for purposes of review, authentication, analysis, or evidentiary use. The parties will meet and confer in good faith to resolve any disputes regarding the scope, timing, or format of ESI production before seeking the Court's intervention.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?  None at this time.

**13.    Settlement Potential.**

(a) Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 15, 2025.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(__) A possibility of settlement, but a conference with the judge is needed.

(__) No possibility of settlement.

(c) Counsel ( X ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. However, the parties intend to confer as needed by telephone and e-mail regarding settlement.

(d) The following specific problems have created a hindrance to settlement of this case: None at this time.

14. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before a magistrate judge of this Court.

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

9

| | |
|---|---|
| **FREEMAN MATHIS & GARY, LLP** | **WIGGINS LAW GROUP, LLC** |
| */s/ Wesley C. Jackson* | */s/ Cary Wiggins\** |
| WESLEY C. JACKSON | CARY WIGGINS |
| Georgia Bar No. 336891 | Georgia Bar No. 757657 |
| Wjackson@fmglaw.com | |
| JULIANA Y. SLEEPER | 260 Peachtree Street NW, Suite 804 |
| Georgia Bar No. 376099 | Atlanta, GA 30303 |
| Julianna.sleeper@fmglaw.com | (404) 659-2880 Ext. 140 – phone |
| 100 Galleria Parkway, Suite 1600 | cary@wigginslawgroup.com |
| Atlanta, GA 30339-5948 | **Counsel for Plaintiff** |
| (770) 818-0000 – phone | (*signed by Kathleen Taylor w/ |
| **Counsel for Defendants** | express consent) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| CHAD TEMPLE,<br><br>        Plaintiff,<br>v.<br><br>DAVID K. NELSON;<br>JAMES A. PYLE; and the<br>CITY OF CALHOUN, GEORGIA,<br><br>        Defendants. | CIVIL ACTION FILE<br>NO. 4:25-cv-00076-WMR |

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified: Discovery period begins November 6, 2025 and ends March 6, 2026; Initial disclosures due November 6, 2025; and Summary Judgment Motions within 30 (30) days after the close of discovery, through and including April 6, 2026.

IT IS SO ORDERED this _____ day of _____, 2025.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE